IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| KIM DUNFEE, | ) | CASE NO. 1:05 CV 2648 |
| | ) | |
| Plaintiff, | ) | MAGISTRATE JUDGE |
| | ) | WILLIAM H. BAUGHMAN, JR. |
| v. | ) | |
| | ) | |
| OBERLIN CITY SCHOOL DISTRICT, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendant. | ) | |

## Introduction

This is a personal injury action filed by plaintiff, Kim Dunfee, on behalf of her son, Nathan Dunfee ("Nathan"), against the Oberlin City School District. The parties have consented to the jurisdiction of the Magistrate Judge.[1]

Oberlin's motion for judgment on the pleadings currently pends before the Court.[2] Dunfee has opposed the motion,[3] and Oberlin has filed a brief in reply.[4] In response to the Court's order,[5] both Oberlin[6] and Dunfee[7] have filed supplemental briefs.

---

[1] ECF # 7.

[2] ECF # 13.

[3] ECF # 18.

[4] ECF # 20.

[5] ECF # 21.

[6] ECF # 22.

[7] ECF # 23.

Oberlin seeks judgment on the pleadings on multiple grounds, three of which the Court will discuss in this memorandum opinion and order – the time bar of the applicable statute of limitations, failure to exhaust administrative remedies, and failure to state a claim for federal relief.[8]  The Court has previously advised counsel during a telephonic status conference that it would not exercise supplemental jurisdiction over state law claims if the federal claims asserted fail as a matter of law.[9]

As set forth below, the Court concludes that no cause of action exists for compensatory damages for personal injury under The Individuals with Disabilities in Education Act ("IDEA").  To the extent that Dunfee asserts such a cause of action, the Court will grant Oberlin's motion.  Such a cause of action does exist, however, under the Rehabilitation Act ("RA") and the Americans with Disabilities Act ("ADA").  The RA and the ADA do not require exhaustion of administrative remedies.  Although the complaint, filed on October 5, 2005, contains contradictory dates as to when the injury in question occurred (October 3, 2003[10] and October 7, 2003[11]), it appears from the briefing that the injury took place within the applicable two-year limitation period.  If Dunfee intends to pursue the RA and the ADA claims, therefore, the Court will deny Oberlin's motion as to the exhaustion-of-administrative-remedies and statute-of-limitations grounds.

---

[8] ECF # 13.

[9] Telephonic status conference of March 1, 2006, ECF # 11.

[10] ECF # 1, Attachment 1 (Complaint) at ¶ 5.

[11] *Id.* at ¶ 10.

Given the Court's ruling that the standard for liability on any claim under the RA or the ADA exceeds the standard for liability under the plaintiff's state law negligence claim, the plaintiff may decide to go forward on the state law claim only. In that event, as discussed below, the plaintiff should file a motion to dismiss the complaint without prejudice to refiling in state court.

## Statement of the Case and of the Facts

### A. The course of proceedings

Dunfee initiated this case with the filing of a complaint in the Lorain County Court of Common Pleas.[12] Oberlin removed the case to this Court.[13]

The complaint avers that Nathan, a student at Oberlin's Prospect Elementary School, sustained serious personal injury while in the care and under the supervision of Oberlin. The first count of the complaint alleges a cause of action based on negligence. The second count avers that Nathan at the time of his injury was a qualified individual under the RA and the ADA, was subject to an individual education plan under IDEA, and was injured because of Oberlin's failure to accommodate him as required by law. The third count is a claim for past and future medical expenses based upon negligence and failure to adhere to law. The fourth count seeks damages for loss of companionship and services.

---

[12] *Id.*

[13] ECF # 1.

In discussions with counsel at a telephonic status conference, the Court questioned whether a federal cause of action exists for personal injury under the IDEA, RA, or ADA. The Court stated that if these statutes did not support such a cause of action, then the Court would not exercise supplemental jurisdiction. Counsel for Oberlin expressed an intention to file a motion for judgment on the pleadings directed to any federal claim and, in fact, filed that motion.

Upon reviewing the briefs filed with respect to the motion for judgment on the pleadings, the Court remained uncertain as to whether Dunfee truly intended to proceed with a federal claim and whether any of the statutes cited in the complaint provide for recovery of compensatory damages for personal injury. It, therefore, entered an order requesting supplemental briefing on these matters.[14] The Court will, in this memorandum opinion and order, address Oberlin's motion as directed to the claim asserted in the second count of the complaint.

**B.    The facts**

Because this case is presently before the Court for decision on a motion for judgment on the pleadings, Oberlin has stipulated to the facts in the light most favorable to non-movant Dunfee.[15] Specifically, Oberlin has stipulated, for purposes of the pending motion only, that:

---

[14] ECF # 21.

[15] *Ziegler v. IBP Hog Market*, 249 F.3d 509, 512 (6th Cir. 2001).

- At all relevant times, Nathan was a student at Prospect Elementary School in the Oberlin City School District.[16]

- At all relevant times, Nathan was a child entitled to the rights and protection of IDEA, ADA, and RA.[17]

- Oberlin negligently supervised Nathan on October 7, 2003, and such negligence proximately caused him personal injury.[18]

## Analysis

**A.     The existence of a federal claim for compensatory damages for personal injury.**

*1.     Under the IDEA*

The purpose of the IDEA is to guarantee children with disabilities access to a free appropriate public education.[19] The Act and the regulations promulgated thereunder provide for procedures and safeguards in the determination of whether a child qualifies for an Individual Education Program ("IEP") to address his or her needs[20] and of the content of that Program for a qualified child.[21]

---

[16] ECF # 13 at 4.

[17] *Id.*

[18] *Id.*

[19] *N.L. ex rel. Mrs. C. v. Knox County Schs.*, 315 F.3d 688, 689 (6th Cir. 2003).

[20] *Id.*

[21] *Ortega v. Bibb County Sch. Dist.*, 397 F.3d 1321, 1325 (11th Cir. 2005).

The IDEA is silent about the availability of tort-like damages for personal injuries allegedly sustained for failure to perform or deficient performance under an IEP.[22] Courts have consistently held, however, that such damages run contrary to the Act's statutory scheme.

In *Ortega v. Bibb County School District*, the parents of a qualified child under an IEP brought a death action alleging that the school district violated the IDEA by failing to have a person capable on reinserting a tracheotomy tube on the school premises.[23] The district court denied the school district's motion for summary judgment, but the Eleventh Circuit reversed.[24]

The appellate court reasoned that "[t]he purpose of the IDEA is to provide educational services, not compensation for personal injury, and a damages remedy – as contrasted with reimbursement of expenses – is fundamentally inconsistent with this goal."[25] It concluded that "[a]lthough the IDEA provides various types of remedies for plaintiffs – including restitution for some parental expenses, compensatory education for students, and procedural remedies – the statute does not provide tort-like relief."[26]

---

[22] *Id.*

[23] *Id.* at 1322-23.

[24] *Id.* at 1322.

[25] *Id.* at 1325 quoting *Polera v. Bd. of Educ.*, 288 F.3d 478, 486 (2d Cir. 2002).

[26] *Id.*

The First Circuit has recently reached the same conclusion in *Diaz-Fonseca v. Puerto Rico*:

> "[T]ort-like money damages" are not within the scope of appropriate relief under the IDEA, because the "IDEA's primary purpose is to ensure FAPE, not to serve as a tort-like mechanism for compensating personal injury." This was the law of this and every other circuit that had addressed the issue by the time of trial.[27]

And the Sixth Circuit in *Gean v. Hattaway* has stated that general damages in the nature of a tort cannot be recovered under the IDEA.[28]

This Court concludes, as did the court in *Ortega*, that the Dunfees's claims for personal injury allegedly caused by Oberlin's violation of the IDEA are inconsistent with the Act's statutory scheme and its purpose to provide educational services. Oberlin, therefore, is entitled to judgment on the pleadings on any IDEA claim.

### 2. *Under the RA and the ADA*

The remedies available under Title II of the ADA and under the RA are the same.[29] In dicta the Eleventh Circuit in *Ortega* specifically identified the RA and the ADA as "possible avenues" for the recovery of tort-like damages not available under the IDEA.[30]

---

[27] *Diaz-Fonseca v. Puerto Rico*, 451 F.3d 13, 31 (1st Cir. 2006) (citations omitted).

[28] *Gean v. Hattaway*, 330 F.3d 758, 774 (6th Cir. 2003).

[29] 29 U.S.C. § 794a(a)(2), 42 U.S.C. § 12133; *Barnes v. Gorman*, 536 U.S. 181, 189 n.3 (2002).

[30] *Ortega*, 397 F.3d at 1321. Also, *C.P. v. Leon County Sch. Bd.*, No. 4:03cv65, 2005 WL 2133699, at *3 n.5 (N.D. Fla. Aug. 27, 2005).

Although the parties have cited to the Court no precedents going to the availability or unavailability of personal injury damages under the RA and the ADA, the Court concludes that those Acts do provide for such damages. In *Johnson v. City of Saline*, the plaintiff sought compensatory damages under the ADA for "physical damage ... psychological and emotional trauma, humiliation and embarrassment, anxiety, and pain and suffering."[31] The Sixth Circuit held that the plaintiff could recover such damages under the ADA.[32] Likewise, in *Parker v. Universidad de Puerto Rico*, the First Circuit recognized that a complaint for personal injuries suffered when a passageway in violation of the ADA caused the plaintiff's wheelchair to overturn stated a claim under that Act.[33]

The Court notes, however, that a claim for personal injuries brought under the RA or the ADA is not a garden-variety negligence claim. As the First Circuit observed in *Parker*, the liability issue is discriminatory denial of access, not negligence.[34] To recover such compensatory damages under the ADA and the RA, the plaintiff must prove intentional

---

[31] *Johnson v. City of Saline*, 151 F.3d 564, 572-73 (6th Cir. 1998).

[32] *Id.* at 573.

[33] *Parker v. Universidad de Puerto Rico*, 225 F.3d 1, 7-8 (1st Cir. 2000).

[34] *Id.*

discrimination – deliberate indifference – which is more than negligence.[35]  Nor does the ADA establish a duty of care for purposes of a state law negligence claim.[36]

If Dunfee intends to pursue a personal injury claim under the RA and the ADA, those Acts provide a remedy for such a claim with the caveats explained above.

## B.     The statute of limitations

The complaint,[37] in paragraph 5, avers that on or about October 3, 2003, Nathan was in attendance at Prospect School and in the care of Oberlin for the day.  In paragraph 10, the complaint avers that on or about October 7, 2003, Nathan was at the premises of Prospect School and under the supervision of Oberlin.  The next paragraph, paragraph 11, avers that Nathan fell and suffered serious injuries.  The plaintiff filed the complaint in the Lorain County Court of Common Pleas on October 5, 2005.[38]

The parties do not dispute that two-year statutes of limitations apply to the claims asserted in the complaint.[39]  The plaintiff argues that the reference to October 3, 2003 in paragraph 5 of the complaint is a typographical error and that the averments in paragraphs 10

---

[35] *Lovell v. Chandler*, 303 F.3d 1039, 1056 (9th Cir. 2002); *Powers v. MJB Acquisition Corp.*, 184 F.3d 1147, 1152-53 (10th Cir. 1999).

[36] *White v. NCL America, Inc.*, No. 05-22030-CIV, 2006 WL 1042548, at *5 (S.D. Fla. Mar. 8, 2006) (violation of the ADA not per se negligence); *Lettera v. Retail Prop. Trust*, CV 04-4955 (JO), 2006 WL 196975, at **5-6 (E.D.N.Y. Jan. 24, 2006).

[37] ECF # 1.

[38] *Id.*

[39] ECF # 13 at 5; ECF # 23 at 5.

and 11 make clear that the injury giving rise to the claims occurred on October 7, 2003, two days before the applicable statutes of limitations ran.[40]

Upon review of the complaint, the Court concludes that it contains an averment that Nathan sustained the personal injury at issue on October 7, 2003. The claims arising out of an injury sustained on that date would not be time barred. If this case goes forward in this Court, and in discovery evidence comes to light that the injury occurred on October 3, 2003, then the Court may revisit the statute-of-limitations defense on summary judgment.

**C.     Exhaustion of administrative remedies**

Because the Court has concluded that the plaintiff has failed to state a claim under the IDEA upon which relief may be granted, it need not decide if a failure to exhaust administrative remedies bars a claim under the Act.[41]

As to the plaintiff's claims under the RA, the Sixth Circuit in *Gean v. Hattaway* decided that exhaustion of administrative remedies is not required under that Act.[42]

As for the ADA, the parties have cited the Court to no direct authority on exhaustion and the ADA for this type of tort-like, compensatory damage, personal injury claim. The

---

[40] ECF # 18 at 4-5.

[41] The prayer of the complaint does ask for "accommodations to which Nathan is entitled to under law...." From statements made during conferences with the Court, and the content of the briefs filed, the Court understands this case to be one for money damages caused by personal injury. To the extent, however, that the plaintiff seeks judicial modification of Nathan's IEP, exhaustion of IDEA administrative procedures would be required. *Gean*, 330 F.3d at 774.

[42] *Gean*, 330 F.23d at 775.

Court will assume, for purposes of the pending motion, that the Sixth Circuit's holding in *Gean* that exhaustion is not required under the RA applies to the ADA. The Court takes note of the Sixth Circuit's favorable reference in *Covington v. Knox County School System*[43] to the ruling in *Witte v. Clark County School District*,[44] in which the Ninth Circuit held that plaintiffs seeking monetary damages for physical and verbal abuse by a school did not have to exhaust administrative remedies, in part, because "the relief available under the IDEA was not well-suited to remedying past instances of physical injury."[45] This supports the conclusion that when a plaintiff seeks compensatory damages for personal injury outside the IDEA under either the ADA or the RA, the exhaustion of the administrative process under the IDEA should not be required.

The Court concludes, therefore, that if the plaintiff intends to pursue claims under the RA and the ADA, a failure to exhaust administrative remedies does not bar those claims.

**D.     Should this be a federal case?**

The plaintiff filed her complaint in state court, and the defendant removed it here because of the presence of federal claims under the IDEA, the RA, and the ADA in the second count.

This Court has ruled above that the plaintiff has no claim for personal injury under the IDEA and that she must show intentional discrimination – culpability beyond mere

---

[43] *Covington v. Knox County Sch. Sys.*, 205 F.3d 912, 917-18 (6th Cir. 2000).

[44] *Witte v. Clark County Sch. Dist.*, 197 F.3d 1271 (9th Cir. 1999).

[45] *Covington*, 205 F.3d at 918 quoting *Witte*, 197 F.3d at 1276.

-11-

negligence – to prevail under the RA and the ADA. The federal claims, therefore, appear to add nothing beyond the negligence and derivative claims asserted in the complaint and, in fact, carry a higher standard for liability.

If in light of this ruling the plaintiff decides to proceed on the state law claims only, then she should state that intent in a motion to dismiss the complaint without prejudice to refiling in state court by April 6, 2007. Otherwise, this Court will issue an amended case management plan with a firm trial date.

## Conclusion

Based upon the foregoing, the defendant's motion for judgment on the pleadings on the complaint to the extent that it asserts a claim under the IDEA is granted. The motion for judgment on the pleadings as to the remainder of the complaint is denied.

IT IS SO ORDERED.

Dated:   March 29, 2007                             s/ William H. Baughman, Jr.
                                                    United States Magistrate Judge